UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

QUINTON BRIDGES,

Plaintiff,

v.

LUBBOCK COUNTY DETENTION CENTER, et al.,

Defendants.

No. 1:26-CV-165-H

**ORDER**

On August 24, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that this case be dismissed without prejudice for lack of subject matter jurisdiction. Dkt. No. 22. No objections were filed.[1]

Where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the FCR. Bridges's claims against the defendants are dismissed without prejudice. All pending motions are denied as moot.

[1] On August 24, Bridges filed a "Motion to Subpoena [non-party] Detective Brady Lewis," and on August 31, Bridges filed a "Motion on Lubbock County Detention Center [and] Kelly Rowe for Judgement [sic]." Dkt. Nos. 23–24. Although these filings are clearly not objections, to the extent Bridges meant them as such, they are not specific and do not satisfy Bridges's obligation to indicate the "specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Further, the Court notes that, including this case, Bridges has eight deficient complaints pending in this Court alone.[2] Bridges is warned that similarly deficient pleadings in future litigation before this Court could result in sanctions—including monetary sanctions and a declaration of vexatiousness, which will prevent him from filing any further case without permission from the Court. Litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Pro se litigants like Bridges are no different. *Id.*

So ordered on September 10, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

[2] *See Bridges v. Sandoval*, No. 1:26-CV-164 (N.D. Tex. 2026); *Bridges v. Tex. Dep't of Pub. Safety*, No. 1:26-CV-166 (N.D. Tex. 2026); *Bridges v. Griffin*, No. 1:26-CV-252 (N.D. Tex. 2026); *Bridges v. Parker*, 1:26-CV-285 (N.D. Tex. 2026); *Bridges v. Hendrick Med. Ctr.*, No. 1:26-CV-307 (N.D. Tex. 2026); *Bridges v. Trump*, 1:26-CV-313 (N.D. Tex. 2026); *Bridges v. Musk*, No. 1:26-CV-333 (N.D. Tex. 2026).